IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES H. JACKSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TEXAS BOARD OF PARDONS<br>AND PAROLES, *et al.*,<br><br>*Defendants*. | §§§§§§§§§§§ Civil Action No. H-25-2610 |

## MEMORANDUM OPINION AND ORDER

James H. Jackson, TDCJ-CID #01933528, filed this *pro se* civil lawsuit under 42 U.S.C. § 1983 against the Texas Board of Pardons and Paroles ("the Board") and its unnamed voting members ("the Board Members"). He proceeds *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff was convicted of aggravated sexual assault of a child in 2014 and sentenced to a twenty-seven-year term of incarceration. Public online records for the Texas Department of Criminal Justice show that plaintiff became eligible for parole on March 2, 2025, and that he was denied parole on April 7, 2025. Plaintiff claims that the defendants violated his constitutional rights by using false information and his criminal history to determine his parole eligibility. He further claims that the Board violated its own policy by "rubber

stamping" their response. He identifies no specific policy or rule that the Board allegedly violated. Plaintiff expressly states that he is challenging only the method by which he was denied parole and not the parole denial itself. As judicial relief, he asks "for the Board to stand by its own procedural rules and give me a fair and just outcome (re-review of my file)." (Docket Entry No. 1, p. 4.)

## II. ANALYSIS

### A. The Board Members

Plaintiff names as defendants the unnamed Board Members who voted against his release to parole.

His assertions raise no viable § 1983 claim against the Board Members for which relief can be granted. "Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also Martinez v. Abbott*, 796 F. App'x 196, 2019 WL 6632821 (5th Cir., December 5, 2019) (same). "Most circuits now hold that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). In voting to deny plaintiff parole, the Board Members were acting in their adjudicative function and are entitled to absolute immunity as to plaintiff's due process claims. *See id.* at 356–57.

Plaintiff's due process claims against the Board Members are **DISMISSED WITH PREJUDICE** for failure to raise a claim for which relief can be granted under § 1983 predicated on absolute immunity.

B.  <u>Denial of Parole</u>

Public online records for the Texas Department of Criminal Justice show that plaintiff was denied parole for the following reasons:[1]

> 1D CRIMINAL HISTORY - THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT CRIMINAL ACTS UPON RELEASE.
>
> 2D NATURE OF OFFENSE - THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.
>
> 3D DRUG OR ALCOHOL INVOLVEMENT - THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.

Plaintiff asserts that by relying on his criminal history and "false information," the defendants denied him due process. He argues that his parole eligibility should be determined by reviewing his "self betterment" and his behavior while incarcerated and not on his prior criminal actions. (Docket Entry No. 7, p. 12.)

---

[1] https://inmate.tdcj.texas.gov/InmateSearch (last visited June 23, 2025).

3

It is well established that the Texas parole statutes create no right to release on parole because "parole is within the total and unfettered discretion of the State," and thus "there is no right or constitutional expectancy of early release on parole in Texas." *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). In short, plaintiff has no protected liberty interest in parole. *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015).

It is further well established that, because Texas law and regulations do not create a protected liberty interest in parole, prisoners cannot challenge parole review procedures on procedural or substantive due process grounds. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("It is . . . axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *see also Stout v. Stephens*, 856 F. App'x 558 (5th Cir. 2021) (same).

Plaintiff's due process claims predicated on defendants' procedures used in denying him parole are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief.

C.   Grievances

Plaintiff appears to complain that his grievances as to the parole denial were improperly rejected, thus denying him due process. His argument raises no viable claim for relief under § 1983, as prisoners enjoy no constitutional right to the satisfactory investigation

or resolution of prison administrative grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff's claims predicated on the rejection of his prison grievances are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief.

## III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 25th day of June, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE